# Weiner v. Reed et al.

*Weinblatt & Herman,* for plaintiff.

*J. B. H. Carter,* for defendants.

HAGAN, J., October 30, 1953.—In this action plaintiff seeks to recover damages from defendants for property damage to his automobile and for personal injuries alleged to have been sustained as a result of a collision between the automobile of plaintiff and the trailer truck operated by defendant Reed while he was engaged in the business of defendant Mealus.

There is before the court defendants' petition for discovery under Pennsylvania Rules of Civil Procedure, in which they seek from plaintiff: (a) The names of all witnesses; (b) detailed information as to plaintiff's damages, and (c) the taking of plaintiff's deposition for the purpose of ascertaining from him the manner in which he operated his automobile, including whatever he observed, or did, just prior to, during, and just following the accident, and to learn from him what efforts, if any, he made to avoid the accident.

Under Pa. R. C. P. 4007(a) defendants are clearly entitled to ascertain from plaintiff the identity and whereabouts of witnesses.

Under Pa. R. C. P. 4005 defendants are permitted discovery as to the nature and extent of plaintiff's alleged damages, subject to the limitations imposed by rule 4011. Plaintiff's damages, or his claim for damages, are "facts" which may be the subject of inquiry by defendants under rule 4005 unless such inquiry is denied or limited by rule 4011. Plaintiff has filed no answer to defendants' petition, and, in the absence of specific objections assigning any of the limitations upon discovery as to the nature and extent of damages in a trespass action imposed by rule 4011, we need only consider those limitations which might be invoked under the pleadings. Thus, it might be argued, and has been argued in other cases, that the limitation imposed by (c) (3) would preclude discovery as to the nature and extent of personal injuries alleged to have been sustained by plaintiff, by reason of the circumstance that plaintiff may have been examined by a doctor on behalf of defendant. On this question we are in accord with the decision of Court of Common Pleas No. 6 in the case of Fetterolf et ux. v. Levick, etc., 80 D & C. 523, in which it was held that the fact that plaintiff may have told certain facts to defendant's doctor in the course of a physical examination does not relieve him from the necessity of answering the same questions under oath in answer to interrogatories.

Also, the decisions of the courts of common pleas of this county are in conflict as to the scope of the limitation imposed by (c) (4), as applied to the subject of damages in a trespass action. Thus, Court of Common Pleas No. 3, in the case of Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450 (decided December 19, 1951), allowed defendant's petition for interrogatories directed to plaintiff for the purpose of discovering, inter alia, the nature and extent of the damages claimed by plaintiff, in an assumpsit action

for breach of contract. The court disposed of plaintiff's objection that the facts sought to be elicited were not necessary to prepare a prima facie defense with this single sentence: "The existence or nonexistence of damages is always part of a prima facie claim or defense."

However, the same court, in the case of Nones et al. v. Stanley Co., December term, 1952, no. 4505 (decided April 22, 1953), in denying discovery to defendant as to the nature and extent of plaintiff's damages in a trespass action, held that, though the information sought in advance of trial might be valuable for purposes of cross-examination and the presentation of a defense, it did not thereby fall into the category of evidence to be used for the purpose of proving a prima facie defense.

The Court of Common Pleas No. 6, in the case of Fetterolf et ux. v. Levick, etc., supra, approved an identical set of interrogatories which had been rejected by the Court of Common Pleas No. 3 in the Nones case, in an opinion by Judge Flood, who dismissed without comment the argument of plaintiff that the discovery requested was not needed by defendant to establish a prima facie defense.

Interrogatories seeking similar information as to damages in a trespass action were approved by the Court of Common Pleas No. 7 in Nines v. Levick, December term, 1951, no. 781, and by the Court of Common Pleas No. 2 in Quartlebaum v. Morrissey, March term, 1951, no. 253.

It seems clear to us that the matter of damages, either in a contract or trespass action, is a necessary ingredient of a prima facie claim; and by the same reasoning, damages are a necessary ingredient of a prima facie defense, in whole or in part. We, therefore, approve defendants' request for discovery as to

the damages claimed by plaintiff. We direct that the information sought to be elicited take the form of interrogatories directed to plaintiff, similar to those approved in the case of Fetterolf, et ux. v. Levick, etc., supra.

There remains for consideration defendants' request to take the deposition of plaintiff for the purpose of ascertaining whether he was guilty of contributory negligence. The petition avers that the information sought to be elicited is for the purpose of establishing a prima facie defense "at the trial of the case." The basis of plaintiff's action is that the trailer truck operated by one of defendants negligently collided with an automobile driven by plaintiff. There is no averment in the petition that the basic facts and circumstances attending the collision are not as well known to defendants as to plaintiff, and it therefore seems clear that the real purpose of defendants in seeking pretrial examination of plaintiff is to secure a "script for the trial", as Judge Flood so aptly characterized a similar attempt at discovery in the case of Barlow v. Waples et al., 82 D. & C. 1. Pollack v. Simon, 85 D. & C. 118, in an opinion by the writer, denied discovery, when the facts sought to be elicited were for the same purpose as that advanced in the Barlow case.

Discovery under the Pennsylvania Rules of Civil Procedure is not intended to permit the broad and almost unlimited pretrial inquiry permitted by the Federal rules; and, unless and until the Pennsylvania rules are amended, we must adhere to the oft declared purpose of these rules, that "the ends of justice are not best served by giving every litigant the power to explore without restraint his opponent's case": Discovery Under the Proposed New Rules, Kenworthey, 20 Pennsylvania Bar Association Quarterly of October 1948, pp. 17, 21 and 23.

The court, therefore, makes the following

*Order*

And now, October 30, 1953, leave is granted to defendants to serve upon plaintiff written interrogatories limited to: (1) The names and addresses of all witnesses known to plaintiff, and (2) the nature and extent of the damages claimed by plaintiff.